# LUCKETT v. STAUB.

PATENTS; INTERFERENCE; CLAIMS; DISCLOSURE; BURDEN OF PROOF.

1. Where the count of an interference calls for a union undergarment having a permanently closed crotch, an opening extending "partially across the back" of the undergarment, etc., a construction embodies the issue, so far as the opening is concerned, which shows an opening on one side from the waist to a point below the crotch, and no opening on the other side, as such an opening may be said to extend partially, and not entirely, across the back.

2. Where one of the parties to an interference reduced the invention to practice before his adversary claimed to have conceived it, and not only made no attempt to conceal or suppress it, but, on the contrary, repeatedly disclosed it, he is entitled to an award of priority.

3. Where the applications of the parties to an interference are copending, the junior applicant ordinarily has only the burden of establishing his case by a preponderance of the evidence, and not beyond a reasonable doubt. (Distinguishing *Adams* v. *Murphy,* 18 App. D. C.

172; and citing *Schartow* v. *Schleicher*, 35 App. D. C. 347; *Deick-mann* v. *Brune*, 37 App. D. C. 399; and *Brown* v. *Campbell*, 41 App. D. C. 499.)

No. 1133.    Patent Appeals.    Submitted January 16, 1918.    Decided February 4, 1918.

HEARING on an appeal from a decision of the Commissioner of Patents in an interference proceeding awarding priority to the senior party.           *Reversed.*

The facts are stated in the opinion.

*Mr. D. P. Wolhaupter* for the appellant.

*Mr. Perry B. Turpin* for the appellee.

Mr. Justice ROBB delivered the opinion of the Court:

Appeal from a decision of an Assistant Commissioner of Patents in an interference proceeding awarding priority to the appellee.

The invention will be understood from a reading of the single claim, as follows:

"A union undergarment having a permanently closed crotch, an opening extending partially across the back of the undergarment and down the outside of one of its legs and terminating short of the lower end of said leg, the latter being permanently closed below the said terminus of said opening, and means for detachably fastening the drop seat flap defined by said opening."

The earliest date of conception claimed by Walter B. Staub was December of 1912. He filed August 11, 1913. Philip A. Luckett's application was not filed until later.

It is clearly established that Luckett conceived and disclosed the invention in February of 1912, many months before Staub's entry into the field. Soon after this Luckett produced and showed to others a garment embodying the issue. Among those to whom he disclosed the invention was a Mr. Ellinghaus, a

merchant tailor. Mr. and Mrs. Ellinghaus, on August 18, 1912, called at the Luckett home and were told that Mr. Luckett was lying down. Thereupon Mr. Ellinghaus, who knew Mr. Luckett well, went to Mr. Luckett's room and found that the only clothing he had on was the garment above referred to. Mr. Ellinghaus's attention was directed to it, and Mr. Luckett demonstrated its intended functions. Thereupon Mr. Luckett dressed and went downstairs. Mrs. Ellinghaus fixes the date with great certainty. She testified that a friend of hers was married at St. Francis De Sales Church, Maryland, on the 12th of September; that this friend called at the Ellinghaus home exactly one month prior to the wedding, and the fact was commented upon; that this call from the prospective bride was a subject of discussion the following Sunday between Mrs. Ellinghaus and Mrs. Luckett.

In the forepart of September of 1912 Dr. Dick, the family physician of the Lucketts, was shown the garment previously described, the result being that a partnership between the Doctor and Mr. Luckett was formed for the purpose of exploiting the invention. The Doctor advanced small sums of money, and finally garments embodying the invention were made and placed upon the market.

We agree with the Examiner of Interferences and the Examiners in Chief that Luckett reduced the invention to practice as early as August 18, 1912. While the record fails to disclose that any question was raised in the Patent Office as to whether the Luckett construction embodies the issue, the suggestion now is made that it does not, because "the opening of the exhibit extends entirely across the back" of the garment. This question really is not before us, but we may observe that Luckett's garment responds to the terms of the issue, for on one side of the back there is no opening; that is to say, in Luckett's garment a line may be drawn diagonally from the waist on one side to a point below the crotch on the other. The opening on one side, therefore, is from the waist to a point below the crotch, while on the other side there is no opening at all. Obviously, this opening extends only partially across the back, within the meaning of the count.

Having reduced his invention to practice, and not having attempted to conceal and suppress it, but, on the contrary, having repeatedly disclosed it, there is no reason why Luckett should not be given the fruits of his discovery. Appellee, citing *Adams* v. *Murphy*, 18 App. D. C. 172, contends that Luckett should be required to prove his case beyond a reasonable doubt. We do not think so. The applications were copending, and Luckett, in the circumstances of this case, merely has the burden of establishing his case by a preponderance of the evidence. In the case just cited there was a long period of delay "wholly unexplained," the evidence of reduction to practice vague and unsatisfactory, and the court naturally concluded "that what was claimed to be reduction to practice amounted to no more than a mere abandoned experiment." As we said in *Scharlow* v. *Schleicher*, 35 App. D. C. 347, 351, "this is not a case where an incomplete invention has been put to one side until another has worked out the problem." Neither is it a case of suppression or concealment of invention, as in *Deickmann* v. *Brune*, 37 App. D. C. 399; *Brown* v. *Campbell*, 41 App. D. C. 499. Rather is it a case where the evidence conclusively shows good faith on the part of the one who conceived and reduced to practice before the entry of his rival into the field, and whose conduct thereafter was free from suspicion.

The decision is reversed and priority awarded Luckett.

*Reversed.*

A petition for a rehearing was denied February 16, 1918.